UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM ANTHONY FLY, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, et.al., )<br>    Defendants. ) | Case No. 21-1021 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff, a federal prisoner, has filed a complaint, a motion to open complaint and enjoin all other civil complaints, a motion for an emergency hearing, and a motion for a temporary restraining order. [1, 2, 4, 5].

Plaintiff was immediately advised he must either pay the $402 filing fee in full or file a motion to proceed *in forma pauperis* (IFP) within 21 days or his case will be dismissed. *See* January 15, 2021 Text Order. The Court typically does not review a complaint until a *pro se* Plaintiff has taken one of these actions. However, since Plaintiff has requested emergency, injunctive relief, the Court will proceed to a merit review.

I. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

1

Large portions of Plaintiff's complaint are eligible. [1]. The document is written in pencil, in very small print, without spaces between sentences. Therefore, the Court cannot decipher the numerous Defendants or claims. It appears that 13 of the 15 pages include lists of potential Defendants with vague allegations against each.

Although the Court cannot read all sections of the document, Plaintiff's complaint is a clear violation of Federal Rules of Civil Procedure 8, 10, 18, and 20. *See* Fed.R.Civ.P. 8, 10, 18, 20.

Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10 (b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Davis v. Anderson*, 718 Fed.Appx. 420, 423 (7th Cir. 2017), *quoting Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

In addition, the Seventh Circuit has also held unrelated claims against different defendants belong in separate lawsuits "not only to prevent the sort of morass" involved with dozens of claims and defendants, "but also to ensure that prisoners pay the required filing fees." *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed.R.Civ.P. 18, 20. "In other words, a 'litigant cannot throw all of his grievances, against...different parties, into one stewpot.'" *Hadley v. Larson*, 2016 WL 1583939, at *3

2

(S.D.Ill. April 20, 2016) *quoting Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Plaintiff's complaint includes unrelated claims against a wide variety of Defendants including Defendants at different facilities. For instance, Plaintiff's claims concerning his medical care cannot be combined in the same complaint with claims involving a denial of Plaintiff's right to practice his religion. Plaintiff cannot combine claims against Defendants at the Federal Correctional Institution in Pekin, Illinois, with claims against Defendants at a jail in Indiana.

Furthermore, Plaintiff provides little factual basis for any of his claims. For instance, when did the incident happen, where did it happen, and what happened?

The Court acknowledges "*pro se* litigants are held to a lesser pleading standard than other parties," *Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008); *see also McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir.2010) (noting that the district court must construe a *pro se* complaint liberally). However, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard,* 658 F.3d at 798; *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir.2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)(" A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson*

*v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

Therefore, the Court will dismiss Plaintiff's complaint, but will allow Plaintiff one opportunity to file an amended complaint clarifying his claims and Defendants. Plaintiff should use the complaint form provided by the Court, and his pleading MUST follow these directions:

1) Plaintiff must write clearly and legibly.

2) Plaintiff must provide a clear list of Defendants. This list should include the name or job title of the individual and where they are located. The list should not include the claims against each Defendant.

2) Plaintiff should then provide a list of his allegations. Plaintiff should include numbered paragraphs. For each paragraph, Plaintiff should state what happened, who was involved, approximately when it happened, and where it happened.

3) Plaintiff should not include legal theories or exhibits.

4) Plaintiff should not include unrelated claims against different defendants in one complaint.

If Plaintiff fails to follow the Court's directions, his case may be dismissed. *See Wilson v. Bruce*, 400 Fed. Appx 106, 109 (7th Cir. 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

4

## II. REMAINING MOTIONS

Plaintiff has filed a motion which is largely illegible but appears to ask the Court to join this lawsuit with other lawsuits and "change their venue." (Plain. Mot.,[2]. p. 1). It is not clear what other lawsuits Plaintiff is referring to, but he has no other cases in the Central District of Illinois. The Plaintiff has yet to articulate any clear allegations in this lawsuit, and the Court cannot change venue of other cases simply because Plaintiff would prefer to litigate his claims here. *See* 28 U.S.C. § 1391(b). The motion is denied. (Plain. Mot.,[2]).

Plaintiff has also filed a motion for an emergency hearing and a motion for emergency injunctive relief. (Plain. Mot., [4, 5]). The Court is unable to read the motion for injunctive relief. (Plain. Mot., [5]). In addition, Plaintiff must first file an amended complaint in compliance with this order and he must either pay the filing fee in full or file a motion to proceed IFP. The motions are therefore denied. (Plain. Mot., [4, 5]).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed both for failure to statue a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and as violation of Federal Rules of Civil Procedure 8, 10, 18, and 20.

2) The Court will allow Plaintiff one opportunity to file an amended complaint. Plaintiff must follow the directions provided in this order and must file his amended complaint on or before February 9, 2021. If Plaintiff fails to file his amended complaint by the deadline or ignores the Court's directions, his case will be dismissed.

3) Plaintiff's motions to combine lawsuits, hold an emergency hearing, and grant emergency injunctive relief are denied. [3, 4, 5].

4) Plaintiff was previously advised he must either pay the $402 filing fee in full or file a motion to proceed *in forma pauperis* on or before February 5, 2021. *See* January 15, 2021 Text Order. If Plaintiff fails to take any action, his case will be dismissed.

5) The Clerk of the Court is directed to send Plaintiff a blank complaint form to assist him and reset the internal merit review deadline in 30 days.

ENTERED this 19th day of January, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE