UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM ANTHONY FLY,           )
   Plaintiff,                  )
                               )
vs.                            )     Case No. 21-1021
                               )
UNITED STATES OF AMERICA, et.al., )
   Defendants.                 )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint, [9]; Motion for Appointment of Counsel, [10]; and Motion for a Status Update. [14].

I. BACKGROUND

Plaintiff's original complaint was dismissed both for failure to statue a claim upon which relief could be granted pursuant to 28 U.S.C. §1915A and as violation of Federal Rules of Civil Procedure 8, 10, 18, and 20. *See* January 19, 2021 Merit Review Order. Plaintiff had not yet paid the filing fee, nor filed a motion to proceed *in forma pauperis* [IFP], but the Court still reviewed his complaint because Plaintiff had also requested emergency injunctive relief.

Large portions of Plaintiff's complaint were eligible due to very small print and no spacing between lines. [1]. Nonetheless, it was clear Plaintiff's complaint included unrelated claims against a multitude of Defendants at different facilities. In addition,

1

Plaintiff provided little factual basis for any of his claims. Therefore, the Court dismissed Plaintiff's complaint, but allowed time to file an amended complaint.

Plaintiff was admonished he "MUST" following the specific directions provided by the Court in order to clearly state his claims and identify the appropriate Defendants. January 19, 2021 Merit Review Order, p. 4. For instance, Plaintiff was directed to write clearly and legibly; include a clear list of Defendants; provide a lit of allegations in numbered paragraphs; and for each paragraph, state what happened, who was involved, approximately when it happened, and where it happened. *See* January 19, 2021 Merit Review Order, p. 4. Plaintiff was further advised not to include legal theories or exhibits. In addition, Plaintiff was admonished not to include unrelated claims against different Defendants in one complaint. "If Plaintiff fails to follow the Court's directions, his case may be dismissed." January 19, 2021 Merit Review Order, p. 4; *citing Wilson v. Bruce*, 400 Fed. Appx 106, 109 (7th Cir. 2010) ("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

Consequently, Plaintiff's motion for emergency relief was denied, and Plaintiff was advised he must either pay the filing fee in full or file a motion to proceed IFP.

Plaintiff then filed his first motion for leave to file an amended complaint [7]; a second motion for leave to amend [9]; a motion to proceed IFP [11]; a motion for appointment of counsel [10]; and a motion to admit evidence in support of his claims. [13].

Plaintiff's IFP motion was granted. *See* February 10, 2021 Text Order. In addition, since Plaintiff chose to revise his amended complaint, his first motion for leave to amend was denied and the Court noted it would instead consider the claims alleged in the second motion for leave to amend. *See* March 3, 2021 Text Order. Finally, Plaintiff's motion to admit evidence was denied since he was previously admonished his complaint must include a short and plain statement of his claims without exhibits. *See* March 3, 2021 Text Order.

However, the Court noted Plaintiff's motion to admit also included allegations that he faced danger at the Federal Correctional Institution in Pekin (FCI Pekin) including threats he would be beaten, raped, or killed due to his transgender status. Plaintiff provided only vague claims without any specific information concerning the threats. Therefore, the Clerk of the Court was directed to provide a copy of Plaintiff's motion to the attention of Internal Affairs at FCI Pekin for investigation and concern for Plaintiff's safety, and Plaintiff was reminded he should address his specific safety concerns with his counselor at the facility. *See* March 3, 2021 Text Order.

## II. MERIT REVIEW

Plaintiff's second motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [9]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now included a clear list of 37 Defendants, but Plaintiff has again included a wide variety of Defendants from various institutions and a wide variety of supervisory figures including the President of the United States. In fact, it appears Plaintiff is alleging his claims include 22 different facilities and span from July 25, 2016 to the filing of his complaint. (Amd. Comp., p. 11). Plaintiff says "[a]ll claims are directly or indirectly related due to my gender dysphoria serious medical condition." (Amd. Comp., p. 11). Plaintiff further states he first attempted to bring this complaint in the Southern District of Illinois, but his case was transferred to United States District Court of New Jersey. (Amd. Comp, p. 5).

The Court takes judicial notice of *Fly v Unknown Defendant*, Case No. 20-0902 filed in the Southern District of Illinois. On October 2, 2020, the case was transferred to District of New Jersey. On December 8, 2020, the Federal District Court in New Jersey advised Plaintiff he must file an amended complaint limiting his claims to Defendants at FCI Fairton, and "Plaintiff may also wish to bring a separate complaint arising out of her new allegations that arose after Plaintiff was transferred to FCI Pekin in Illinois." *See* December 8, 2020 Order, p. 3.

The Court notes Plaintiff has attempted to file another all-encompassing complaint in the United States District Court for the District of North Dakota. *See Fly v United States,* Case No. 18-0063. "The court finds specious plaintiff's assertion that every wrong they have allegedly suffered while incarcerated out-of-district must litigated in

4

this district." October 7, 2020 Order, p. 6. Therefore, the Court denied Plaintiff's motion for leave to amend to add "out-of-district" defendants. October 7, 2020 Order, p. 8.

Nonetheless, Plaintiff has wholly ignored the directions of this Court and the two other federal courts. Plaintiff again attempts to combine a wide array of allegations involving a wide array of Defendants from across the country in one complaint.

Plaintiff has also failed to provide numbered paragraphs providing brief factual support for each of his allegations as instructed. Instead, Plaintiff's 61-page, single spaced complaint provides a confused list of allegations with rambling explanations. Plaintiff repeatedly says he has been raped 50 times without further explanation. It appears Plaintiff is transgender, identifies as female, and wishes to be transferred to a more secure environment for his safety. Plaintiff also complains about a lack of dental care after a lost filling, a cold room without sufficient clothing or bedding, a denial of property, a denial of pain medications, unclean ventilation, denial of medical care for an injured ankle, failure to treat hypoglycemia, denial of a religious diet, deliberate indifference to food allergies, failure to continue hormone replacement therapy, deliberate indifference to chronic back pain, etc. (Amd. Comp, p. 21, 23, 24, 25, 27, 30).

Once again, Plaintiff's amended complaint is a clear violation of Federal Rules of Civil Procedure 8, 10, 18, and 20. *See* Fed.R.Civ.P. 8, 10, 18, 20. As this Court and others have explained, Plaintiff simply cannot combine all of his unrelated complaints against different Defendants in one complaint. *See* January 19, 2021 Merit Review Order, p. 2-3; *see also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single

party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). "In other words, a 'litigant cannot throw all of his grievances, against...different parties, into one stewpot.'" *Hadley v. Larson*, 2016 WL 1583939, at *3 (S.D.Ill. April 20, 2016) *quoting Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

While Plaintiff believes all of his treatment at all federal facilities is related to his transgender status, this is not a sufficient basis to combine such a wide variety of claims and Defendants.

The Court will allow Plaintiff one final opportunity to file an amended complaint. However, Plaintiff MUST follow the directions provided in this order. First, Plaintiff must allow a space between each sentence and print legibly. Second, Plaintiff should limit his claims to events which occurred at FCI Pekin. Third, Plaintiff must provide specific time frames and Defendants for each claim. Fourth, Plaintiff cannot combine unrelated claims against different Defendants at FCI Pekin. For instance, Plaintiff's claims that Defendants are ignoring his safety due to his transgender status and refusing to transfer him are simply not related to his claims concerning food allergies and are not related to claims concerning cold cell conditions. Plaintiff must choose which claim he wants to address in this lawsuit.[1]

---

[1] If Plaintiff believes he is in danger at FCI Pekin due to a failure to protect, it may be the claim Plaintiff should address in any future complaint.

Again, Plaintiff should state each claim clearly and concisely. For instance, if Plaintiff is alleging Defendants have failed to protect him, he should state the specific name of any Defendant who was involved, how each Defendant knew he needed protection, the general time each Defendant failed to protect him, and specifically how each Defendant failed to protect him. Plaintiff should not include exhibits or legal theories.

Plaintiff is also advised liability "hinges on personal involvement in a constitutional deprivation." *Jenkins v. United States Postal Service*, 2018 WL 1836973, at *4 (S.D.Ill. April 18, 2018), *citing Ashcroft v. Iqbal*, 556 U.S. at 676 (2009). A government official cannot be held liable for the unconstitutional conduct of their subordinates because the doctrine of *respondeat superior* or supervisor liability does not apply in this case. *See Jenkins*, 2018 WL 1836973, at *4. Therefore, Plaintiff should not include Defendants such as the United States President, the United States Attorney General, or other national or regional supervisors who were not involved in his claims.

Plaintiff is admonished if he again ignores the Court's directions, his case may be dismissed without further opportunities to amend. "[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v*

7

*Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Plaintiff's motion for appointment of counsel is denied with leave to refile after Plaintiff clarifies his allegations and Defendants. [10]. In addition, Plaintiff's motion for a status update is denied as moot. [14]. If Plaintiff has specific concerns about his safety at FCI Pekin, he MUST address those concerns at his facility by speaking with his counselor, or internal affairs, or filing a grievance if appropriate.

IT IS THEREFORE ORDERED:

1) Plaintiff's second motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [9].

2) Plaintiff's amended complaint is dismissed both for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and as violation of Federal Rules of Civil Procedure 8, 10, 18, and 20.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [10].

4) Plaintiff's motion for a status update is denied as moot. [14].

5) The Court will allow Plaintiff one FINAL opportunity to file an amended complaint. Plaintiff must follow the directions provided in this order and must

file his amended complaint on or before April 27, 2021. If Plaintiff fails to file his amended complaint by the deadline or again ignores the Court's directions, his case will be dismissed.

6) The Clerk of the Court is directed to send Plaintiff a blank complaint form to assist him and reset the internal merit review deadline in 30 days.

ENTERED this 6th day of April, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE