UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM ANTHONY FLY, | ) | |
| (aka TONI FLY) | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-1021 |
| | ) | |
| UNITED STATES OF AMERICA, et.al., | ) | |
| Defendants. | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's third motion for leave to file an amended complaint. [19].

The history of this case demonstrates the Court's repeated attempts to allow the *pro se* Plaintiff both the opportunity to file an amended complaint and directions to assist in clarifying her intended claims.[1] On January 19, 2021, the Court dismissed Plaintiff's initial complaint finding she had failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915A and her complaint violated Federal Rules of Civil Procedure 8, 10, 18, and 20. *See* January 19, 2021 Merit Review Order, p. 5. Large portions of the document were illegible, but it was clear Plaintiff was attempting to combine unrelated claims against different defendants in one lawsuit. For instance, Plaintiff was advised she could not combine her claims concerning a denial of medical

---

[1] Plaintiff has stated she is transgender and identifies as female. *See* April 6, 2021 Merit Review Order, p. 4.

1

care with a denial of the right to practice her religion; nor could she combine claims involving her incarceration in an Indiana jail with claims involving the Federal Correctional Institution in Pekin, Illinois (FCI Pekin). *See* January 19, 2021 Merit Review Order, p. 3. In addition, Plaintiff provided little factual basis to support her claims such as when, where, and what occurred.

Since Plaintiff was proceeding *pro se,* the Court allowed her an opportunity to file an amended complaint along with explicit instructions including providing a clear list of Defendants, numbering paragraphs, providing factual support for each allegation, avoiding legal theories, and excluding exhibits. *See* January 19, 2021 Merit Review Order, p. 4. Plaintiff was admonished if she failed to follow the Court's directions, her case would be dismissed.

Plaintiff filed her first motion for leave to amend her complaint followed shortly after by her second motion for leave to amend. [7, 9]. Plaintiff also filed a motion to admit evidence in support of her claims. [13]. The Court again explained Plaintiff was required to include all claims in her complaint, and her complaint must include a "short and plain" statement of her intended allegations. March 3, 2021 Text Order. The Court dismissed the motion to admit additional evidence as well as the first motion for leave to amend, informing Plaintiff it would instead consider all claims in the most recent proposed complaint *See* March 3, 2021 Text Order.

Finally, the Court noted Plaintiff's motion included allegations that she faced danger at FCI Pekin including threats she would be beaten, raped, or killed due to her transgender status. "Plaintiff has not provided specific information about these threats.

Nonetheless, the Clerk of the Court is to provide a copy of this order along with a copy of Plaintiff's motion to the attention of the Internal Affairs office at FCI Pekin." March 3, 2021 Text Order. Plaintiff was also reminded she should also address her concerns with her facility counselor.

The Court then conducted a merit review of Plaintiff's second amended complaint and found Plaintiff had again failed to state a claim upon which relief could be granted and her complaint violated Federal Rules 8, 10, 18, and 20. *See* April 6, 2021 Merit Review Order.

Plaintiff's 61-page, single-spaced complaint ignored most of the Court's directions. While Plaintiff included a clear list of 37 Defendants, she again "included a wide variety of Defendants from various institutions and a wide variety of supervisory figures including the President of the United States." April 6, 2021 Merit Review Order, *citing* (Sec. Amd. Comp., p. 11). Plaintiff's claims appeared to include 22 different facilities and span from 2016 until the filing of her complaint.

The Court explained specifically why the filing was deficient and provided directions to assist Plaintiff in clearly stating her intended claims. *See* April 6, 2021 Merit Review Order, p. 5-8. The Court acknowledged district courts have a responsibility to construe *pro se* complaints liberally and allow ample opportunity to amend, "[b]ut these general principals have some limits." April 6, 2021 Merit Review Order, p. 7, *quoting Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011). Therefore, Plaintiff was admonished leave to replead would not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182

3

(1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at *2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Plaintiff was given "one FINAL opportunity to file an amended complaint," and admonished if she failed to follow the Court's directions, her case would be dismissed. April 6, 2021 Merit Review Order, p. 8-9.

Plaintiff responded with a motion to reconsider the merit review order as well as a motion for emergency injunctive relief. [17]. The Court denied Plaintiff's motion to reconsider noting the deficiencies in her complaint. *See* May 4, 2021 Case Management Order.

> Plaintiff must not continue to ignore the Court's specific instructions. The Court also notes Plaintiff has received similar instructions in other Federal Court cases. *See i.e, Fly v. United States*, Case No. 18-0063 (District of North Dakota), October 7, 2020 Order (warning Plaintiff she may not circumvent the three strikes provision by attempting to join several unrelated claims); *Fly v. United States*, Case No. 20-13962 (District of New Jersey), December 8, 2020 Order (advising Plaintiff she must limit claims to local facility). May 4, 2021 Case Management Order, p. 3.

The Court extended the deadline for Plaintiff to file an amended complaint, and provided Plaintiff with another copy of the April 6, 2021 Merit Review Order which provided instructions to assist Plaintiff. *See* May 4, 2021 Case Management Order.

Since Plaintiff had still not clearly identified her claims, her motion for emergency injunctive relief was also denied. The Court reminded Plaintiff it had notified Plaintiff's facility of her specific concerns, but advised Plaintiff the best way to address any fears for her safety was to talk to her counselor, file a grievance, and file a complaint which followed the Court's instructions. May 4, 2021 Case Management Order, p. 4.

Plaintiff ultimately filed her third motion for leave to file an amended complaint, but again asked the Court to reconsider the dismissal of her previous complaint. [19, 20]. The Court denied the motion to reconsider since her previous complaint failed to clearly state a violation of her constitutional rights. *See* June 14, 2021. Text Order.

Plaintiff responded with a motion to amend and supplement her proposed third amended complaint. [23]. The Court admonished Plaintiff that "[a]ny complaint must stand complete on its own and must not refer to any previous filing. This prevents confusion over intended claims and Defendants." September 22, 2021 Text Order. Therefore, the motion to supplement was denied.

> Since Plaintiff is proceeding *pro se*, the Court will allow a brief extension of time if Plaintiff intends to file one complaint with all claims. However, Plaintiff is reminded again she may NOT include unrelated claims against different Defendants in one lawsuit. If Plaintiff continues to ignore Court orders, this case will be dismissed. *See* January 19, 2021, Merit Review Order; April 6, 2021, Merit Review Order; May 4, 2021, Case Management Order. If Plaintiff intends to combine her allegations into one complaint, she must file her proposed complaint on or before October 13, 2021. If Plaintiff does not file another amended complaint on or before October 13, 2021, the Court will consider the allegations in the complaint filed on May 20, 2021. No further continuances will be allowed as the Court has allowed Plaintiff ample opportunity to clarify her claims. *See* September 22, 2021 Text Order.

Plaintiff has filed nothing further.  Therefore, Plaintiff's motion for leave to file a third amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [19].

The Court has reviewed the claims in the third amended complaint pursuant to 28 U.S.C. §1915A. Plaintiff has identified 19 Defendants at FCI Pekin, but the Court is unable to decipher her intended claims. The 37-page, single spaced document is one continuous paragraph which each of the 903 sentences numbered.[19].  Plaintiff again combines a wide variety of unrelated claims involving conspiracy, chronic pain, fraud upon the court, retaliation, denial of access to the courts, failure to protect, denial of medical care, equal protection claims, etc.

The Court is also unable to parse out individual claims which articulate a violation of her constitutional rights. Plaintiff provides some time frames, but it is simply unclear what she is alleging.  Plaintiff refers to the need to be housed with female inmates or in a single cell, and her fear for her safety.  However, the Court is unable to determine a specific claim involving certain Defendants during a clearly articulated time frame.

Plaintiff also mentions a denial of legal materials, access to the law library, a denial of stamps, a denial of a mattress, rapes, attacks, improper searches, untreated injuries, threats, improper discipline, improper use of restraints, bright lights, loud air conditioners, confiscating property, improper discipline, taking religious items, a denial of dental care, and a repeated claim she was "shot in her genitalia." (Third Amd.

Comp., *see i.e.* p. 27). For Plaintiff's most serious claims concerning rapes or attacks, it appears Plaintiff may be referring to previous incidents at other institutions.

The Court has repeated advised Plaintiff of the deficiencies in her filings, provided basic instructions to assist her in clarifying her claims, and allowed both repeated opportunities and ample time to amend. [1, 7, 9, 19, 23]. Nonetheless, the Plaintiff has again ignored those instructions and the Court is simply unable to interpret or identify a viable claim.

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Standard,* 658 F.3d at 798. Therefore, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.*; *see also Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)(" A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

The Court has repeated admonished Plaintiff a failure to follow the instructions provided would lead to the dismissal of her lawsuit. *See* January 19, 2021 Merit Review Order, p. 4; April 6, 2021 Merit Review; May 4, 2021 Case Management Order, p. 4; September 22, 2021 Text Order.  In addition, this is not the first time Plaintiff has received similar admonitions. *See Fly v. United States*, Case No. 18-0063 (District of North Dakota); *Fly v. United States*, Case No. 20-13962 (District of New Jersey).

Based on Plaintiff's inability to follow court orders, continued insistence on combining unrelated claims against multiple defendants, and continued failure to identify a viable claim, the Court finds any additional amendments would be futile.  *See Mohammed v. Prairie State Legal Services, Inc.*, 2021 WL 4962988, at *1 (7th Cir. 2021) (allowing further amendments would be futile noting "claims are substantially incoherent because of the vast and vague scope of the allegation," confused connections between events and defendants, and repeated refused to follow court orders); *Brown v. Shaw*, 2021 WL 4786413, at *2 (7th Cir. 2021)(dismissal after third amended complaint appropriate after plaintiff continued to ignore court's instructions combining unrelated claims against many defendants).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a third amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [19].

2) After review of the allegations pursuant to 28 U.S.C. §1915A, the Court finds the third amended complaint fails to articulate a claim upon which relief can be granted and is a violation of Federal Rules 8, 10, 18, and 20.

3) For the reasons articulated in this order, the Court finds any additional amendments would be futile. Therefore, this case is dismissed in its entirety with prejudice.

4) This dismissal shall count as a strike pursuant to 28 U.S.C. §1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log.

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 22nd day of February, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE